IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| FRT 2011-1 TRUST, successor in interest and assignee of Resource Mortgage Banking, Ltd., | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 2:13-CV-107 |
| eHEALTHSCREEN, LLC, MACK W. BRYSON, and JANE O. BRYSON, | * * * * | |
| Defendants. | | |

## DEFENDANTS/CROSS-CLAIMANTS BRYSON'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT eHEALTHSCREEN, LLC

COME NOW MACK W. BRYSON and JANE O. BRYSON, Defendants/Cross-Claimants in the above-styled action (hereinafter "Claimant(s) Bryson"), by and through their attorney of record, Amanda F. Williams, and file this, their Motion for Partial Summary Judgment Against Defendant eHealthscreen, LLC (hereinafter "eHealthscreen"), and respectfully move this Honorable Court to grant said Motion as to the declaratory relief requested pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1.

The basis for Claimants Bryson's Motion is more fully set forth in the Brief in Support thereof and Statement of Undisputed Material Facts annexed hereto and filed contemporaneously herewith.  In so moving, Claimants Bryson show that this case is presently in a posture for final disposition via a declaratory judgment in favor of Claimants Bryson's claim that the subject Promissory Note and Deed to Secure Debt are invalid and unenforceable by Defendant eHealthscreen due to a total failure of consideration and by virtue of the fact that eHealthscreen has no authority to assert its purported rights under same.  As such, there are no genuine issues of

1

material fact to be tried and summary judgment should be granted in Claimants Bryson's favor as a matter of law.

**WHEREFORE**, Claimants Bryson pray,

(a) That this Motion for Partial Summary Judgment and Brief in Support Thereof be read and considered;

(b) That this Honorable Court grant partial summary judgment in favor of Claimants Bryson;

(c) That the Promissory Note and Deed to Secure Debt herein be considered invalid and unenforceable;

(d) That Defendant eHealthscreen take nothing herefrom; and

(e) For all such other relief as this Honorable Court deem just and proper in the premises.

Respectfully submitted, this the _26_ day of August, 2014.

s/ Amanda F. Williams
Amanda F. Williams
Attorney for Claimants Bryson
Georgia Bar No. 760650

#5 St. Andrews Court
Brunswick, Georgia 31520
Telephone: 912-289-2482
Facsimile: 912-264-3685
Amanda@amandawilliamslaw.com

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| **FRT 2011-1 TRUST, successor in** | * | |
| **interest and assignee of Resource** | * | |
| **Mortgage Banking, Ltd.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No. 2:13-CV-107** |
| | * | |
| **eHEALTHSCREEN, LLC,** | * | |
| **MACK W. BRYSON, and** | * | |
| **JANE O. BRYSON,** | * | |
| | * | |
| **Defendants.** | | |

**BRIEF IN SUPPORT OF DEFENDANTS/CROSS-CLAIMANTS BRYSON'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST**
**DEFENDANT eHEALTHSCREEN, LLC**

Claimants Bryson respectfully submit this Brief in Support of their Motion for Partial

Summary Judgment against Defendant eHealthscreen, LLC, pursuant to Rule 56 of the Federal

Rules of Civil Procedure and Local Rule 56.1. Claimants Bryson respectfully show this Court

the following:

**I.      INTRODUCTION**

This case is ready for a final judgment. As explained below, Claimants Bryson should

prevail as a matter of law on their request for a declaration by this Court rendering the subject

Promissory Note and Deed to Secure Debt legally invalid and unenforceable due to a total failure

of consideration. eHealthscreen has produced no evidence in support of its claim that it possesses

the legal authority to enforce its purported rights under the Promissory Note and Deed to Secure

Debt at issue herein. Entry of a final judgment by this Court in favor of Claimants Bryson

should effectively remove Defendant eHealthscreen as a party to this action, which is based on

eHealthscreen presumably having a valid and enforceable interest in the subject Bryson property, and would be an inchoate step to a determination as to Plaintiff's claims against eHealthscreen.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.    Statement of Facts

The relevant undisputed and material facts and record citations are also fully set forth in Claimants Bryson's Statement of Undisputed Material Facts annexed hereto.

Claimants Mack W. Bryson (hereinafter "Mack Bryson" or "Mr. Bryson") and Jane O. Bryson are husband and wife and are currently, and have at all times relevant hereto, been the owners of the property commonly known as 2310 Horse Stamp Church Road, Waverly, Camden County, Georgia (hereinafter "subject property").[1]

On May 6, 2005, Mack Bryson was hired as Chief Executive by HealthScreen Disease Management, LLC (hereinafter "HSDM"), a risk management company focusing on the healthcare industry, and at that time became an equity member with a twenty percent (20%) equity interest therein.  According to the terms of his membership in HSDM, Mr. Bryson was to be paid an annual salary, commissions, health insurance, vacation, personal and sick leave, as well as other employment benefits provided to the other four (4) equity members: G. Anthony Campbell, J. Melvin Deese, Charles N. Hendrix, and William A. McArthur.  (Deposition of Charles Hendrix (hereinafter "Hendrix Dep.") Ex. 1, April 17, 2014.)  Specifically, HSDM agreed to pay Mr. Bryson a salary of Twenty-Five Thousand Dollars ($25,000.00) per month. It was agreed that once HSDM became profitable, distributions could be made to HSDM's members but that Mr. Bryson would not receive same until such a time as the other four (4) members had received distributions in an amount equal to that which Mr. Bryson had been paid

---

[1] A legal description of the property is set forth in Plaintiff's Verified Complaint, Docket No. 1 (hereinafter "DE 1"), p. 4-6, ¶ 12.

in terms of salary at that point in time.  (Deposition of Mack W. Bryson (hereinafter "Bryson Dep.") 36:23-25; 37:1-17; 38:17-25; 39:1, June 5, 2014; Hendrix Dep. Ex. 1.).  Salary payments to Mr. Bryson were made exclusively by HSDM.  (Bryson Dep. 40:15-25; Ex. 14 and supplemental paystubs made Exhibit "A" attached hereto.) At no time was Mr. Bryson ever employed by eHealthscreen, which coincidentally shares the same members, save Mr. Bryson, with HSDM.[2] Mr. Bryson's paystubs (Bryson Dep. Ex. 14 and Ex. A hereto), HSDM's 2005 and 2006 corporate income tax returns (Exhibit "C" attached hereto), and Mr. Bryson's 2007 W-2 (Exhibit "D" attached hereto) indicate Mr. Bryson was a paid employee.  Further, the conditions of his employment refer to the term "salary" rather than "loan" as eHealthscreen contends the aforementioned payments were.[3]  (Hendrix Dep. Ex. 1.)

In mid-November of 2007, Mr. Bryson was approached by eHealthscreen members Tony Campbell and Charles Hendrix who demanded that he execute a Secured Promissory Note in favor of eHealthscreen in the original principal amount of $557,581.00 (hereinafter "Promissory Note") as well as a Deed to Secure Debt on the subject property to eHealthscreen to secure payment of said note.[4]  (Bryson Dep. Ex. 12 and 13, respectively.) Mr. Bryson was told that the salary and other benefits he had been receiving for over one (1) year were to now be considered an outright loan against the distributions made by the company and was to be paid back to eHealthscreen in contrast to merely an advance to equalize his salary payments. (Bryson Dep. Ex. 16.) Despite this demand, Mr. Bryson continued to receive paystubs and a W-2 in 2007

---

[2] eHealthscreen and HSDM are two separate and distinct entities which do not share a common operating agreement or a common nexus other than similar membership. (Bryson Dep.  69:15-25; 70:1-12.) See also Defendant eHealthscreen, LLC's Response to Cross-Claimants Mack W. Bryson and Jane O. Bryson's First Interrogatories, Interrogatory Responses #1(b), 2, and 12, a copy of which is attached hereto as Exhibit "B."

[3] The May 6, 2005 hiring letter (Hendrix Dep. Ex. 1.) refers only to an "advance" in the context that Bryson would not receive any distributions until those given to the other equity members matched what he received thus far in salary.

[4] A true and correct copy of the Deed to Secure Debt is filed in the property records of the Clerk of Superior Court of Camden County in Deed Book 1320 beginning at p. 787.

indicating a salary paid as it had previously. (Ex. A and D, respectively.) Bryson further shows that no "distributions" have ever been made to the equity members of HSDM and in response to discovery requests, Defendant eHealthscreen has failed to produce any evidence thereof.

Mr. Bryson was instructed that should he choose not to sign the documents his employment with HSDM would be terminated. Bryson, ultimately in fear of termination, signed and executed said Promissory Note and Deed to Secure Debt in February of 2007, retroactive to November 27, 2006.  (Bryson Dep. 49: 24-25; 50:1-25; 51:1-6; and 53:23-25; 54:1-17.) Mr. Bryson, despite inquiry, was never informed as to how the original principal balance of $557,581.00 was calculated, as it was not the equivalent of the amount he had thus far been paid in salary. (Bryson Dep. 52:11-25; 53:1-10; and 63:21-25; 64:1-14.) Mr. Bryson was also forced, on a separate occasion on or about October of 2007, to retroactively initial the Schedule of Loans and Payments attached to the Promissory Note. Mr. Bryson has never made a payment to eHealthscreen under same and has never received any form of compensation from eHealthscreen. (Bryson Dep. 173:8-11.)

On March 23, 2010, Mr. Bryson's employment with HSDM was terminated. Demand was made by eHealthscreen for payment under the Promissory Note for the principal balance of $883,860.00, plus all accrued interest thereon, on March 3, 2011.  (Claimants Bryson's Answer and Cross-Claim, Docket No. 11(hereinafter "DE 11"), Ex. E.) On or about December 30, 2011, HSDM was dissolved in the State of Georgia by the four (4) remaining equity members.  (DE 11 Ex. D.)

**B.    Procedural Posture**

Plaintiff, FRT 2011-1 TRUST, successor in interest and assignee of Resource Mortgage Banking, Ltd., filed its Verified Complaint in the above-styled matter against Defendant

eHealthscreen and Claimants Bryson on August 12, 2013, seeking a declaratory judgment as to whether it is the first position priority lien holder with regard to the subject property. Plaintiff alleged that on June 8, 2007, it advanced funds in the amount of One Million Seven Hundred and Eighty Thousand Dollars ($1,780,000.00) to Claimants Bryson in exchange for becoming the priority lien holder and that it was under the express understanding that eHealthscreen had agreed to subordinate its Promissory Note to Plaintiff. (DE 1.) eHealthscreen filed its Answer to Plaintiff's Verified Complaint on October 11, 2013, denying that it had subordinated to Plaintiff's loan. (Docket No. 9 (hereinafter "DE 9").)

Pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201, Claimants Bryson filed their Answer to Plaintiff's Verified Complaint and Cross-Claim against eHealthscreen on November 11, 2013 (DE 11), seeking a declaration as to their rights and obligations under the eHealthscreen Promissory Note and Deed to Secure Debt in addition to seeking injunctive relief and the recoupment of their attorney's fees and costs. eHealthscreen subsequently filed its Answer and Counterclaim to Claimants Bryson's Cross-Claim (hereinafter "DE 16") on December 6, 2013, alleging that Claimants Bryson had defaulted on the Promissory Note and seeking damages for the alleged breach in addition to a special lien on the subject property. Claimants Bryson filed their Answer to eHealthscreen's Counterclaim (hereinafter "DE 20") on December 24, 2013, denying liability under the Promissory Note due to a failure of consideration and that Defendant eHealthscreen had no legal or other authority to enforce the terms thereof. The formal discovery period in this matter closed on July 3, 2014 and an extension of time was granted on August 4, 2014, extending the time to file all civil motions to September 2, 2014; therefore, this matter is ripe for final judgment in Claimants Bryson's favor.

### III.   ARGUMENT AND CITATION OF AUTHORITY

#### A. Summary Judgment Standard and Choice-of-Law

Federal jurisdiction in this case is based on complete diversity between the parties pursuant to 28 U.S.C. § 1322.  Under *Erie* and its progeny, "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (*explaining Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938)). *See also McMahan v. Toto*, 256 F.3d 1120 (11th Cir. 2001) (*citing Erie*, 304 U.S. at 78, 58 S. Ct. at 822)) ("If the matter is procedural then federal law will apply; but if the matter is substantive, then [the Court] will apply the law of the forum state."). Thus, the Court's initial step is to determine what rules are substantive versus procedural law.

First, the standard for granting or denying a motion for summary judgment is a procedural issue and thus governed by federal law.  Summary judgment is appropriate and must be granted if the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Applicable substantive law determines which facts are material..." *Coffee v. General Motors Acceptance Corp.*, 5 F. Supp. 2d 1365, 1370 (S.D. Ga 1998) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Facts are 'material' if they could affect the outcome of the suit under the governing substantive law." *Raiford v. Nat'l Hills Exch., LLC*, 2013 WL 1286204, at *40 (S.D. Ga. Mar. 27, 2013) (*reconsideration denied by Raiford v. Nat'l Hills Exch., LLC*, 2014 WL 97359 (S.D. Ga. Jan. 8, 2014)) (*citing Anderson*, 477 U.S. at 248).

In its analysis of a summary judgment motion, the Court must view the facts in the light most favorable to the non-moving party. *Raiford*, 2013 WL 1286204 at *40 (*citing Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must then "draw

'all justifiable inferences in its favor.'" *Raiford*, 2013 WL 1286204, at \*40 (*citing U.S. v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted). "If the movant bears the burden of proof at trial, that party 'must show that, on all the essential elements of its case, ... no reasonable jury could find for the non-moving party.'" *Coffee*, 5 F. Supp. at 1371 (*citing Four Parcels*, 941 F.2d at 1438). "When the non-movant has the burden of proof at trial, the movant may carry the initial burden in one of two ways -- by negating an essential element of the non-movant's case or by showing that there is no evidence to prove a fact necessary to the non-movant's case." *Raiford*, 2013 WL 1286204, at \*40-41. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 606-08 (11th Cir. 1991) (*explaining Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

Once the movant has met his burden, it then shifts to the opposing party to show that a genuine issue of fact exists. *Sires v. Luke*, 544 F. Supp. 1155 (S.D. Ga. 1982) (*citing Garcia v. American Marine Corporation*, 432 F.2d 6, 7-8 (5th Cir. 1970)). "[T]he opposing party must set forth by affidavit, deposition, or otherwise, specific facts and details which demonstrate the existence of a genuine issue as to a material fact" and cannot rely solely on its pleadings. Fed. R. Civ. P. 56(e); *Sires,* 544 F. Supp. at 1158. "If the movant has the burden of proof at trial, the non-movant may avoid summary judgment only by coming forward with evidence sufficient to withstand a motion for directed verdict at trial." *Coffee*, 5 F. Supp. at 1371 (*citing Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993)). "This requires more than showing a mere scintilla of evidence; the non-movant must show that reasonable jurors could find by a preponderance of the evidence that the non-movant is entitled to a verdict." *Velten v. Regis B. Lippert, Intercat, Inc.*, 985 F.2d 1515, 1523 (11th Cir. 1993) (*citing Anderson*, 477 U.S. at 252).

The movant can carry its burden on summary judgment by pointing out the absence of any evidence in the record to support any alleged defenses proffered by the non-moving party. *Big Sandy P'ship, LLC v. Branch Banking & Trust Co.*, 313 Ga. App. 871, 872, 723 S.E.2d 82 (2012).

Second, questions relating to the legality of contracts are substantive. *See generally General Telephone Co. of Southeast v. Trimm*, 252 Ga. 95, 311 S.E.2d 460 (1984)). Georgia is the forum state. It follows, therefore, that this Court should apply Georgia substantive law to the issues addressed in Claimants Bryson's Cross-Claim against eHealthscreen. *See Sec. Life of Denver Ins. Co. v. Shah*, 906 F. Supp. 2d 1334, 1340 (S.D. Ga. 2012) ("As a federal court exercising diversity jurisdiction, the Court must examine the laws of Georgia, including its choice of law, to determine which law applies.") *See also McMahon v. Toto*, 256 F.3d 1120, 1131 (11th Cir. 2001) (*citing Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941).

In contract actions, "Georgia courts apply the traditional *lex loci contractus* rule: a contract is governed as to its nature, validity and interpretation by the laws of the state where the contract was made, unless it appears from the contract itself that the contract was to be performed in another state." *Sanders v. Doe*, 831 F. Supp. 886 (S.D. Ga. 1993) (*citing General Telephone*, 252 Ga. at 95).

Furthermore, in Georgia, "[a]bsent a contrary public policy, [a] court will normally enforce a contractual choice of law clause." *Carr v. Kupfer*, 250 Ga. 106, 107, 296 S.E.2d 560, 562 (1982). The Promissory Note and Deed to Secure Debt provide that the security instrument be governed by "the law of the jurisdiction in which the property is located." (Bryson Dep. Ex. 12, ¶ 16.) Therefore, this Court must apply Georgia substantive law as the Promissory Note and

Deed to Secure Debt were both signed and executed in Georgia and the subject property is located within Camden County, Georgia.

Claimants Bryson seek that this Court, upon a review of all the evidence of record and the arguments herein, grant their Motion for Partial Summary Judgment against eHealthscreen, finding that there are no genuine issues of material fact and that they have adequately met their burden of proof in this matter.

**B.** **Total Failure of Consideration**

Claimants Bryson seek that this Court declare the Promissory Note and Deed to Secure Debt to eHealthscreen invalid and unenforceable. In seeking such a determination under the Declaratory Judgment Act, Claimants Bryson assert the defense of lack of consideration to eHealthscreen's demand for payment under the Promissory Note.[5] *See Gill v. Nicol*, Case No. 4:11-CV-168 (CDL), at *8 (M.D. Ga. Dec. 31, 2012) ("If the promissory note is vague as to what the consideration was, then an inquiry into the agreed upon consideration is necessary.").

As a preliminary matter, Georgia law defines a promissory note as "a contract evidencing a debt and specifying terms under which one party will pay money to another." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012) (*citing Black's Law Dictionary* 1089 (8th Ed. 2004) and O.C.G.A. § 11–9–102(a)(64) ("'Promissory note' means an instrument that evidences a promise to pay a monetary obligation....")). As with any contract, in order for a promissory note to be enforceable against its maker, the essential elements of a contract must exist: "there must be parties able to contract, *a consideration moving to the contract*, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." O.C.G.A. § 13-3-1 (emphasis added). "Each of these essential terms

---

[5] Claimants Bryson asserted the defense of lack of consideration outright in their Answer and Cross-Claim (DE 11, p. 1.) as well as reasserting same in their Answer to eHealthscreen's Counterclaim (DE 20, p. 2-3.), in addition to seeking a declaratory judgment.

must be certain." *Laverson v. Macon Bibb County Hosp. Auth.*, 226 Ga. App. 761, 762, 487 S.E.2d 621 (1997). *See also* O.C.G.A. § 13-3-40(a) ("[a] consideration is essential to a contract which the law will enforce").

A holder of the promissory note seeking to collect under same must establish its *prima facie* case by producing the note and showing that it was executed. *West v. Diduro*, 312 Ga. App. 591, 594, 718 S.E.2d 815 (2011). If a *prima facie* case is established, "the burden then shifts to the obligor to establish an affirmative defense to the claim, such as the lack of consideration." *Han v. Han*, 295 Ga. App. 1, 3, 670 S.E.2d 842 (2008) (*citing Gentile v. Bower*, 222 Ga. App. 736, 738, 477 S.E.2d 130 (1996)). *See also Shropshire v. Alostar Bank of Commerce*, 314 Ga. App. 310, 315, 724 S.E.2d 33 (2012).

Consideration is characterized under Georgia law as either "valuable" or "good." O.C.G.A. § 13-3-41. Good consideration is "founded on natural duty and affection or on a strong moral obligation" and is inapplicable to this matter. Id. Valuable consideration is "founded on money or something convertible into money or having a value in money..." Id. As the subject Promissory Note states that the purported consideration given to Mr. Bryson was for "value received,"[6] this Court must inquire into the adequacy of the valuable consideration eHealthscreen asserts to have provided.

It is uncontroverted that a promise unsupported by adequate consideration is unenforceable, i.e., *nudum pactum*. O.C.G.A. § 13-3-40. Under Georgia law, a promissory note is considered unenforceable and void as a matter of law if there exists a lack of consideration in exchange for its execution. *See Beasley v. Paul*, 223 Ga. App. 706, 478 S.E.2d 899 (1996). Once the promissory note is determined to be unenforceable, by extension, "the corresponding security deed [is] also unenforceable." *Beasley*, 223 Ga. App. at 711.

---

[6] Bryson Dep. Ex. 12, p. 1.

Furthermore, "[a]ny presumption that a promissory note in the hands of the original payee is supported by consideration is subject to rebuttal. And this is the rule even where the note is under seal or recites that it is given 'for value received.'" *Ochs v. Hoerner*, 235 Ga. App. 735, 736, 510 S.E.2d 107 (1998) (*citing Citizens' Bank of Blakely v. Hall*, 179 Ga. 662, 177 S.E. 496 (1934)). "When the note is viewed separately, [the Court can] find that the recital that it was given 'for value received,' is an ambiguity which permits the admission of parol evidence regarding the existence of consideration." *Ochs*, 235 Ga. App. at 736 (*citing Kenerly v. Bryant*, 227 Ga. App. 746, 749(4), 490 S.E.2d 454 (1997)); *Craig v. Citizens and Southern Nat. Bank*, 142 Ga. App. 474, 475, 236 S.E.2d 166 (1977); *Beasley v. Paul*, 223 Ga. App. 706, 478 S.E.2d 899 (1996); and *Weintraub v. Cobb Bank & Trust Co.*, 249 Ga. 148, 149, 288 S.E.2d 553 (1982) (holding that parol evidence is admissible to show want or failure of consideration). Thus, it is permissible for Claimants Bryson to submit documentation and deposition testimony which speak to the total failure of consideration with regard to the Promissory Note; to, in essence, pierce the face of the note.

In response to Claimants' Cross-Claim, eHealthscreen denies paying Mr. Bryson a salary, but rather states the money paid to Mr. Bryson was an advance on future distributions to the other equity members. (DE 16, p. 3, ¶ 7, 8; Exhibit B hereto, p. 5, Response #9.) This point, however, is neither relevant nor determinative of the issue of consideration. eHealthscreen fails to note that HSDM employed Mr. Bryson and was only entity that could have provided either a salary or an advance on distributions to Mr. Bryson. Mr. Bryson has neither been employed by eHealthscreen nor has he received any form of employment compensation or other valuable

consideration from said entity.[7]  (Hendrix Dep. Ex. 1[8]; Bryson Dep. 40:15-25; 173:8-11.)  All of Mr. Bryson's paycheck stubs indicate a salary received from HSDM (Bryson Dep. Ex. 14 and Ex. A hereto) and HSDM's corporate income tax filings (Ex. C hereto) reflect Mr. Bryson as an employee.  Therefore, it is irrelevant whether the $25,000.00 per month received was in actuality a salary or an advance.  It was never paid by eHealthscreen.

Further, eHealthscreen has been unable to produce a scintilla of evidence that it provided Mr. Bryson with any form of pecuniary value or any alternate form of consideration that could be construed as being "valuable" under Georgia law.  This lack of evidence should be construed so as to render the Promissory Note unenforceable.  eHealthscreen has relied solely on its general denials in its responsive pleadings.  The discovery period in the instant matter closed on July 3, 2014.  Nowhere in any document, report, contract, pay stub, income tax return, letter, email or other correspondence between the parties hereto produced through discovery does eHealthscreen demonstrate that it provided or paid Mr. Bryson any form of consideration in exchange for his execution of the Promissory Note and the Deed to Secure Debt.  All four (4) common members of HSDM and eHealthscreen – Anthony Campbell, Charles Hendrix, Melvin Deese, and William McArthur – provided testimony by deposition expressly addressing the issue of consideration.  Not one member produced any information disproving Claimants Bryson's claims that there was a total failure of consideration.  (Hendrix Dep. 83:9-25, 84:1-4; Deposition of G. Anthony Campbell (hereinafter "Campbell Dep.") 112:13-25, 113:1, May 12, 2014; Deposition of William A. McArthur (hereinafter "McArthur Dep.") 49:15-25, 50:1-25, April 18, 2014.) eHealthscreen cannot solely rest on its pleadings and must set forth by affidavit, deposition, or

---

[7] Further, eHealthscreen was not formed until September 2006. Mr. Bryson had been receiving a salary from HSDM since May 2005, which begs the question: how could Mr. Bryson receive money (salary or otherwise) from eHealthscreen at a time prior to its existence which it now demands he pay back?

[8] "He was an employee...so we provided the terms of our arrangement with him and agreed to accommodate his personal needs as a salary, as an employee..."

otherwise, specific facts and details which demonstrate the existence of a genuine issue as the lack of consideration provided. Fed. R. Civ. P. 56(e). This it has been unable to do.

Summary judgment is proper when the moving party can show that the non-moving party cannot produce admissible evidence to support any material facts it contends to remain in dispute. Fed. R. Civ. P. 56(c)(B). eHealthscreen cannot meet its burden of production. As such, summary judgment in favor of Claimants Bryson is appropriate.

### C. eHealthscreen Possesses Neither Privity of Contract Between It and Claimants Bryson Nor Apparent or Actual Authority to Contract on Behalf of HSDM

"As a general rule, the existence of 'privity' is required as between the parties in *ex contractu* actions and in *ex delicto* actions which arise out of a contract." *Decatur North Associates, Ltd. v. Builders Glass, Inc.*, 180 Ga. App. 862, 350 S.E.2d 795 (1986). *See generally* O.C.G.A. §§ 9-2-20(a), 51-1-11(a). "'Privity of contract' is narrowly defined as '[t]hat connection or relationship which exists between two or more contracting parties.'" *Decatur North,* 180 Ga. at 862 (*quoting Black's Law Dictionary*, 5th Ed. (1979)). "[O]ne not in privity of contract with another lacks standing to assert any claims arising from violations of the contract." *Dominic v. Classics*, 310 Ga. App. 825, 828, 714 S.E.2d 388 (2011). *See O.C.G.A.* § 9–2–20(a); *Walls, Inc. v. Atlantic Realty Co.,* 186 Ga. App. 389, 391(1), 367 S.E.2d 278 (1988) ("As a general rule, one not in privity of contract with another cannot maintain an action against him for breach of the contract.") (Citation and punctuation omitted).

There exists no privity of contract between Claimants Bryson and Defendant eHealthscreen. Claimants Bryson and eHealthscreen had no formal or legal relationship with respect to each other. Further, eHealthscreen and HSDM have no formal or legal affiliation or connection each other. There exists no contract or operating agreement officially linking the

two entities; HSDM does not conduct business as eHealthscreen.  (Bryson Dep. 69:15-25, 70:1-12; Hendrix Dep. 72:8-11; McArthur Dep. 43:23-25, 44:1; Ex. B hereto, p. 1, Response #1.) HSDM is not an alter ego, fictitious name, or a trade name of eHealthscreen or vice versa. (Ex. B hereto, p. 1, Response #1.)    In sum, they are two entirely separate and distinct entities. (Campbell Dep. 120:5-10; Hendrix Dep. 72:8-11; McArthur Dep. 43:23-25, 44:1.) eHealthscreen has admitted as such, stating that the two companies "do not and have not had a contractual relationship…[and] were organized as distinct legal entities." (Ex. B, p. 5, Response #12.) Therefore, eHealthscreen could not have entered into a contract with Claimant Bryson on behalf of HSDM.

Further, eHealthscreen cannot be said to be a third-party beneficiary to the former employer-employee relationship between HSDM and Mr. Bryson. eHealthscreen has not given Mr. Bryson any consideration that would arguably confer it rights under that employment relationship, and the lack of a written agreement providing such rights or specifically naming eHealthscreen as a third-party beneficiary is fatal. *See Perry Golf Course Dev. v. Housing Auth. of City of Atlanta*, 294 Ga. App. 387, 388, 670 S.E.2d 171 (2008) ("[A] third-party beneficiary may be created only by the express terms of the contract.").

Moreover, to the extent that eHealthscreen contends that its alleged interrelatedness with HSDM allowed HSDM to provide substitute consideration, same is barred by the parole evidence rule as such evidence seeks to "add to, take from or vary" the terms of the Promissory Note. *See S&A Industries, Inc. v. Bank Atlanta*, 247 Ga. App. 377, 380-381, 543 S.E.2d 743 (2000) (*citing O.C.G.A.* § 13-2-2(1)); *Devin Lamplighter, Ltd. v. American General Finance, Inc.*, 206 Ga. App. 747, 749, 426 S.E.2d 645 (1992) (*certiorari denied* (March 19, 1993)) ("It is well established that a promissory note may not be modified by the imposition of conditions not

apparent on its face."); *Georgia Higher Educ. Assistance Corp. v. Geldon*, 187 Ga. App. 798, 371 S.E.2d 449 (1988) ("It is axiomatic that parole evidence cannot be admitted to vary or alter the terms of a promissory note."). To the extent that eHealthscreen argues that HSDM should be substituted as the "lender," or that the two companies should be used interchangeably, eHealthscreen seeks to impermissibly circumvent the parol evidence rule.

With no contractual or legal authority to enforce its purported rights under the Promissory Note and Deed to Secure Debt, eHealthscreen cannot prevail in its Counterclaim against Claimants Bryson to recover from non-payment under the terms thereof. As such, the Promissory Note, and by extension the Deed to Secure Debt, should be deemed a nullity and summary judgment granted in favor of Claimants Bryson.

## IV.   CONCLUSION

eHealthscreen cannot show that it provided Mr. Bryson with any form of consideration for his execution of the Promissory Note and Deed to Secure Debt. A total failure of consideration renders a contract unenforceable. Further, eHealthscreen cannot show that it possesses any legal authority to contract on HSDM's behalf so to be able to substitute its lack of consideration with that allegedly provided by HSDM. Without such evidence, there is no genuine issue of material fact present as to the lack of consideration and Claimants Bryson should not be prejudiced for eHealthscreen's failure or potentially fraudulent intentions in drafting the Promissory Note and Deed to Secure Debt as it did.

For the preceding reasons, this Court should issue a declaratory judgment in favor of Claimants Bryson, declaring the Bryson Promissory Note and Deed to Secure Debt to eHealthscreen to be invalid and legally unenforceable according to Georgia law.

Respectfully submitted,

s/ Amanda F. Williams
Amanda F. Williams
Attorney for Claimants Bryson
Georgia Bar No. 760650

#5 St. Andrews Court
Brunswick, Georgia 31520
Telephone: 912-289-2482
Facsimile: 912-264-3685
Amanda@amandawilliamslaw.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| FRT 2011-1 TRUST, successor in interest and assignee of Resource Mortgage Banking, Ltd., | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 2:13-CV-107 |
| eHEALTHSCREEN, LLC, MACK W. BRYSON, and JANE O. BRYSON, | * * * * | |
| Defendants. | | |

## DEFENDANTS BRYSON'S STATEMENT OF UNDISPUTED MATERIAL FACTS

COME NOW, the Claimants, MACK W. BRYSON and JANE O. BRYSON (hereinafter "Claimants Bryson"), pursuant to Local Rule 56.1, and file this, their Statement of Undisputed Material Facts in support of their Motion for Partial Summary Judgment as to Count I of their Cross-Claim against Defendant eHealthscreen and respectfully show this Honorable Court as follows:

1.  Claimants Bryson are citizens of the State of Georgia, currently residing at 2310 Horse Stamp Church Road, Waverly, Georgia 31565, and are proper parties to this action. (DE 11, p. 12, ¶ 1.)

2.  The property located at 2310 Horse Stamp Church Road, Waverly, Georgia is the subject of this action and is property owned by Claimants Bryson and was property originally acquired by Warranty Deed from Horsestamp, LLC, recorded in Deed Book 1055, page 792 with the Superior Court of Camden County. (DE 1, p. 6, ¶ 13 and DE 9, p. 4, ¶ 13.)

3.  Defendant eHealthscreen, LLC is a Florida Limited Liability Company registered in the State of Florida. (DE 9, p. 3, ¶ 3.) The members of eHealthscreen are residents of

19

Georgia and Florida: G. Anthony Campbell resides at 101 Winslow Drive, Thomasville, Thomas County, Georgia 31792; J. Melvin Deese resides at Cottage 455, 49th Street, Sea Island, Glynn County, Georgia 31561; William McArthur resides in Florida; and Charles Hendrix resides in Florida.  (DE 16, p. 2, ¶ 3.)  Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.  (Id. at 6, ¶ 3.)

4. On May 6, 2005, Claimant Mack W. Bryson was hired as Chief Executive by HealthScreen Disease Management, LLC (hereinafter "HSDM") and at that time became an equity member thereof with a twenty percent (20%) equity interest.  (Hendrix Dep. Ex. 1; DE 16, p. 2-3, ¶ 7.)  The four (4) equity members of HSDM, save Claimant Bryson, were also members of eHealthscreen.  (Id.)

5. It was agreed that Mr. Bryson would receive $25,000.00 per month in salary for his employment with HSDM and that he would not receive any distributions from the company until such a time as the other members received distributions equal to that which Bryson had thus far received in salary. (Hendrix Dep. Ex. 1.) Mr. Bryson was never an employee of Defendant eHealthscreen. (Hendrix Dep. 75:6-14.)

6. Effective November 27, 2006, Claimant Bryson signed and executed a Secured Promissory Note (hereinafter "Promissory Note") in favor of eHealthscreen in the original principal amount of $557,581.00 as well as a Deed to Secure Debt to eHealthscreen to secure payment of said note. (DE 11, p. 13, ¶ 8; DE 16, p. 3, ¶ 8.)

7. On March 23, 2010, Mr. Bryson's employment with HSDM was terminated. (DE 11, p. 14, ¶ 10; DE 16, p. 4, ¶ 10.)

8. On or about December 30, 2011, HSDM was dissolved in the State of Georgia by the four remaining equity members. (DE 11, p. 14, ¶ 11; DE 16, p. 4, ¶ 11.)

9. On March 3, 2011, eHealthscreen made demand on Claimant Bryson for the principal balance of $883,860.00 under the Promissory Note (DE 11 Ex. E.), to which Bryson denies liability. (DE 11.)

10. Defendant Bryson has never received any consideration whatsoever, monetary or otherwise, from eHealthscreen in exchange for his execution of the Promissory Note and Deed to Secure Debt, to which Claimants Bryson deny liability. (Hendrix Dep. 83:9-25, 84:1-4; Campbell Dep. 112:13-25, 113:1; McArthur Dep. 49:15-25, 50:1-25.)

11. HSDM and eHealthscreen are entirely separate and distinct entities and there exists no legal or contractual authority for eHealthscreen to enter into any contract or other obligation on HSDM's behalf. There exists no privity of contract between eHealthscreen and Mr. Bryson and the former has not given Mr. Bryson any consideration that would confer it rights under the employment relationship between Mr. Bryson and HSDM. There exists no written agreement providing such rights or specifically naming eHealthscreen as a third-party beneficiary. (Bryson Dep. 69:15-25, 70:1-12; Hendrix Dep. 72:8-11; McArthur Dep. 43:23-25, 44:1; Ex. B hereto, p. 1, Response #1 and #12.)

12. There lies no power, authority, or requisite consideration for eHealthscreen to enforce any alleged rights under the subject Promissory Note or for it to foreclose on the subject property pursuant to the provisions of the Deed to Secure Debt.

Respectfully submitted,

s/ Amanda F. Williams
Amanda F. Williams
Attorney for Claimants Bryson
Georgia Bar No. 760650

#5 St. Andrews Court
Brunswick, Georgia 31520
Telephone: 912-289-2482
Facsimile: 912-264-3685
Amanda@amandawilliamslaw.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| FRT 2011-1 TRUST, successor in interest and assignee of Resource Mortgage Banking, Ltd., | * * * * | |
| Plaintiff, | * * | |
| v. | * | Civil Action No. 2:13-CV-107 |
| eHEALTHSCREEN, LLC, MACK W. BRYSON, and JANE O. BRYSON, | * * * * | |
| Defendants. | * | |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion for Partial Summary Judgment Against Defendant eHealthscreen, LLC, Brief in Support thereof, and Statement of Undisputed Material Facts have been served upon all counsel of record through the Court's Electronic Case Filing System, or by placing the same in the United States mail, with sufficient postage attached thereto to ensure delivery, properly addressed to:

Taylor H. Haley, Esq.
Melissa Cruthirds, Esq.
Attorneys for Plaintiff
Compass Law Group, LLC
300 Main Street, Suite 301
St. Simons Island, GA 31522

Steven Blackerby, Esq.
Attorney for Defendant eHealthscreen, LLC
Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, LLP
P.O. Box 220
Brunswick, GA 31521-220

This the ___26___ day of August, 2014.

s/ Amanda F. Williams
Amanda F. Williams
Attorney for Claimants Bryson
Georgia Bar No. 760650

#5 St. Andrews Court
Brunswick, Georgia 31520
Telephone: 912-289-2482
Facsimile: 912-264-3685
Amanda@amandawilliamslaw.com